## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**LANCE ROBINSON**                                                           **PLAINTIFF**

**vs**                                              CIVIL ACTION NO.  1:23cv191 TBM-RPM

**GEICO MARINE**
**INSURANCE COMPANY**                                                  **DEFENDANT**

### COMPLAINT

COMES NOW the Plaintiff, Lance Robinson, by and through counsel, pursuant to the

Federal Rules of Civil Procedure, and files this his Complaint against Defendant as follows:

### A. Parties/ Jurisdiction

1.

Plaintiff, Lance Robinson, is an adult resident citizen of Pascagoula, Jackson County,

Mississippi.

2.

Defendant, Geico Marine Insurance Company ("Geico"), is a non-resident insurance

corporation incorporated in the state of Maryland that was doing business in the State of

Mississippi during all times relevant herein, and may be served with process by serving a copy of

the Summons and Complaint upon its appointed registered agent for service of process: C.T.

Corporation System of Mississippi, at 645 Lakeland Drive East, Suite 101, Flowood, Mississippi

39232.  The amount in controversy exceeds the minimum jurisdiction requirement of $75,000

and there is diversity of citizenship between Plaintiff and Defendant so that this Court has

jurisdiction of this matter pursuant to 28 USCA § 1332.

[ 1 ]

B. Venue

3.

Venue is proper in this Court over the parties in this case because the Plaintiff is a

resident of, and the causes of action occurred, accrued and arose in Jackson County, Mississippi.

C. Factual Background

4.

On or about 6/24/2022, Plaintiff had in effect a marine insurance policy issued by

Defendant, Geico, being policy no. BUS6291777, and that a true and correct copy of this policy

is attached hereto as Exhibit "1" and made a part hereof by reference. This marine policy

provided indemnity coverage with a liability limit of 100,000.00 and defense coverage in the

event that the insured, Plaintiff, was sued.

5.

On 6/24/2022, Plaintiff was driving his boat on the Pascagoula River in Jackson County,

Mississippi with several passengers aboard and an accident occurred when the boat ran onto a

sand bar in the marsh and several passengers claimed to be injured.  Plaintiff timely reported this

boating accident to the Defendant, Geico, under the above referenced policy.

6.

On 9/15/2022, 2 passengers on the boat, David Dodson and Ashley Dodson, filed Civil

Action No. 22-00-164 against Plaintiff in the Circuit Court of Jackson County, Mississippi

alleging they were injured in the boating accident due to the negligence of the Plaintiff herein in

driving the boat. A true and correct coy of said Civil Action is attached hereto as Exhibit "2" and made a part hereof by reference.  The Dodsons seek actual and punitive damages for personal injuries sustained in the boating accident.  Plaintiff forwarded a copy of this Complaint to Geico and requested that Geico provide defense and indemnity coverage to him for the company.  After filing the complaint, the Dodsons have sought damages exceeding the Plaintiff's liability coverage limit of $100,00.00 in the suit.

7.

On 11/2/2022, another passenger on the boat, Karen Guidry, filed Civil Action No.: 22-00-196 in the Circuit Court of Jackson County, Mississippi against Plaintiff alleging that Plaintiff was negligent in driving the boat.  A true and correct copy of this Complaint is attached hereto as Exhibit "3" and made a part hereof by reference.  Ms. Guidry seeks actual and punitive damages for personal injuries sustained in the boating accident.  Plaintiff forwarded a copy of this Complaint to Geico and requested that Geico provide Defense and indemnity coverage to him for this company.  Guidry has also sought actual damages exceeding Plaintiff's liability coverage limit of $100,000.00 in the suit.

8.

On November 7, 2022, Alex Fortunato, a Geico Insurance Adjuster, emailed Plaintiff's personal counsel, Tristan R. Armer, a Reservation of Rights as to the 2 civil complaints filed against Plaintiff attached hereto as Exhibit "2" and Exhibit "3" which stated coverage for:

> "GEICO Marine Insurance Company reserves the right to re-examine and re-analyze all coverage issues and not merely those raised by any additional information or evidence. The limited policy references cited shall not waive any other policy provisions. GEICO Marine Insurance Company reserves the right to assert additional reasons to reserve its rights or disclaim coverage based upon the terms and conditions of the Policy or  additional facts, whether now known or discovered in the future.  The policy, in its entirety is incorporated herein by reference as if it had been stated in full."

[ 3 ]

GEICO set out that both complaints against Plaintiff requested punitive damages and that punitive damages and injuries caused by intentional conduct are excluded by it's policy at section IV. GEICO further set forth that the Plaintiff's liability limit was 100k under the Geico policy and that the alleged damages of these cases could well exceed Plaintiff's total liability limit of 100k for this accident. Thus, a reservation of rights was sent by Defendant to point out that coverage for punitive damages was not provided and that no liability coverage above 100k was being provided as a total for both of the above referenced cases. A true and correct copy of the reservation of rights letter from Fortunato to Plaintiff dated 11/7/2022 is attached hereto as Exhibit "4" and made a part hereof by reference.

9.

On November 15, 2022, Mr. Tristan Armer, attorney for Plaintiff, responded to the Geico Reservation of Rights letter and requested that Geico make arrangements with his firm to represent Plaintiff, Lance Robinson, pursuant to Mr. Robinson's request under the duty to defend set out in Moeller v American Guaranty and Liability Ins. Co. , 707 So. 2d 1062 ( Miss. 1996). The Moeller case held that after an insurance company has issued a reservation of rights to the Insured stating that a part of the relief sought in the Complaint is not covered by the policy, the insurance company must hire additional counsel picked by the Insured to represent the Insured on the parts of the Complaint on which there is no coverage. A true and correct copy of this email chain is attached as Exhibit "5" and made a part hereof by reference. Rather than grant Plaintiff's request for Moeller counsel, Defendant hired Jedd Malish, a Louisiana attorney, to act as Geico's attorney for Plaintiff in the 2 cases referenced above which were filed in Ms. Courts

[ 4 ]

under the reservation of rights only as to the parts of the Complaint that were covered under the Geico policy. No attorney was hired to represent Plaintiff as the parts of the Complaint that were not covered by the Geico Policy as was required under the Moeller decision.

10.

On or about 3/16/2023, Geico attempted to rename its reservation of rights letters ( Exhibit "4" and Exhibit "5") as letters simply explaining that there were parts of the Complaints that were "not covered" under the Geico Policy, specifically punitive damages and damages over 100k. So far, Geico's Louisiana attorney has propounded no discovery since being hired and merely offered 100k to settle both civil cases and offered to file an Interpleader and pay the 100k into Court. Plaintiff has responded to Geico and complained of it's rejection of his request for Moeller Counsel and complained of Geico's hiring a Louisiana attorney who was not licensed in Mississippi to defend him and admittedly, was not representing him for the punitive damage claim or for damages sought over 100k in the 2 cases referenced above. A true and correct copy of this correspondence is attached as Exhibit "6" and made part herein by reference.

11.

Plaintiff hired the undersigned counsel in mid- July after his repeated requests for Moeller counsel were denied by Geico. On 7/21/2023, the undersigned attorney made a last attempt to have Geico follow Mississippi Law and Geico honor Plaintiff's request for Moeller counsel and sent Geico claims adjuster, Fortunado, another request. A true and correct copy of this letter is attached hereto as Exhibit "7" and made a part hereof by reference. Defendant had Mr. Fortunado write another denial and Moeller counsel denial of reservation of rights on

[ 5 ]

7/25/2023 stating that "this insurance policy does not provide defense coverage for claims in the Complaint which are not covered by the policy". Most importantly, Fortunado restated his denial of Plaintiff's request for Moeller counsel and stated that the policy does not provide defense counsel for claims that are not covered by the policy. Further, the Geico Louisiana attorney, Jedd Malish, is specifically defending Plaintiff, Lance Robinson, in the 2 civil actions only on claims covered by the Policy. As such, no attorney is representing Lance Robinson as to punitive damages and excess damages over 100k. A true and correct copy of this letter is attached as Exhibit "8" and made a part hereof by reference.

<u>BAD FAITH</u> - <u>BREACH OF CONTRACT</u>

12.

Robinson incorporates by reference those matters set forth in Paragraphs 1-11 above.

13.

Defendant had a duty under Mississippi law to provide Moeller counsel to the Plaintiff, Lance Robinson, under his marine liability policy in both civil cases because Defendant reserved it's rights, stating that punitive damages and damages in excess of 100k in both cases are not covered. As such, Plaintiff has no attorney representing him regarding punitive damages or as to claims for damages over 100k.

14.

Geico's refusals to comply with Mississippi law required by Moeller v American Guar and Liability Ins. Co., 707 So. 2d 1062 ( Miss. 1996), was repeatedly done without any arguable reason and amounts to such wrongful or egregious conduct as to constitute tortious bad faith breach of contract. As a direct and proximate result of Geico's bad- faith and tortious breach of contract, Plaintiff has suffered economic and non- economic damages in the form of attorneys

[ 6 ]

fees,  financial loss, mental/ emotional distress, and such other damages or injuries as may be

shown at trial exceeding 75k.

## PUNITIVE DAMAGES

15.

Because Geico's acts or omissions in breaching the subject contract were intentional

and/or grossly negligent with reckless disregard, willful, egregious and/ or wanton, these

wrongful denials constitute an intentional tort which justify an award of punitive damages under

the facts and applicable law.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a Judgement

against the Defendant, for actual or compensatory damages and separately for punitive damages,

in an amount to be determined by a jury of his peers, sufficient to compensate Plaintiff  for all

damages and losses, as well as to punish Defendant for bad faith breach of duties contract herein

and to deter the Defendant from engaging in this type of bad faith conduct in the future.  Plaintiff

demands such other and further relief, whether equitable or legal, to which he may be entitled to

in the premises and Plaintiff also moves for an award of all  attorney fees and costs incurred in

this action against the Defendant, Geico.

LANCE ROBINSON- PLAINTIFF

BY: _____

Ken R. Adcock, Esq. ( MSB #1150)


OF COUNSEL:
ADCOCK & IVISON, PLLC
Ken R. Adcock, Esq. ( MSB #1150)
795 Woodlands Parkway, Suite 220
Ridgeland, MS 39157
Office: 601-898-9887
Fax: 601-898-9860