**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| **LANCE ROBINSON** | **PLAINTIFF** |
| **VS.** | **CIVIL ACTION NO. 1:23-cv-191-TBM-RPM** |
| **GEICO MARINE INSURANCE COMPANY** | **DEFENDANT** |

**GEICO MARINE INSURANCE COMPANY'S
ANSWER AND DEFENSES TO THE PLAINTIFF'S COMPLAINT**

**COMES NOW**, Defendant, GEICO Marine Insurance Company (hereinafter referred to as "GMIC"), by and through undersigned counsel, and files this its *Answer and Defenses to the Plaintiff's Complaint* ("Complaint") and would show unto the Court the following:

**FIRST DEFENSE**

The allegations contained in Plaintiff's Complaint fail to state a claim upon which relief may be granted against GMIC. Accordingly, GMIC moves this court for a dismissal with prejudice of the Plaintiff's Complaint pursuant to Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE.

**SECOND DEFENSE**

GMIC pleads and incorporates the provisions of the applicable policy of insurance issued to the Plaintiff. A certified copy of the Plaintiff's policy with GMIC is attached as Exhibit "A."

**THIRD DEFENSE**

**AND NOW**, without waiving its defenses, GMIC answers and pleads with respect to each numbered paragraph of the Plaintiff's Complaint as follows:

### A. Parties / Jurisdiction

1.

Upon information and belief, GMIC admits the allegations contained in Paragraph 1 of the Plaintiff's Complaint.

2.

GMIC admits it is a non-resident insurance corporation but denies that it was incorporated in the state of Maryland. GMIC admits it is licensed to do business in Mississippi and that it may be served with process through its registered agent, C.T. Corporation System. GMIC admits there is diversity of citizenship between the Plaintiff and Defendant but denies that the amount in controversy exceeds $75,000 and demands strict proof thereof. GMIC would further state that to the extent the allegations and/or averments contained in Paragraph 2 of Plaintiff's Complaint seek to imply coverage when under Mississippi law there may be no coverage, said allegations and/or averments are denied. Any allegations and/or averments not specifically admitted herein are hereby denied.

### B. Venue

3.

GMIC denies the allegations contained in Paragraph 3 of the Plaintiff's Complaint and demands strict proof thereof.

### C. Factual Background

4.

GMIC admits that Plaintiff was insured under a policy of insurance issued by GEICO Marine Insurance Company, bearing policy number BUS6291777, a copy of which is attached this response

as Exhibit "A," with liability limits of $100,000.00, subject to all applicable contractual requirements, conditions, precedent, provisions, defenses, limitations, exclusions, and duties contained and required of insureds contained within the applicable policy of insurance issued by GMIC, including any and all endorsements and riders thereto. However, GMIC would state that to the extent the allegations and/or averments of Paragraph 4 of Plaintiff's Complaint seek to imply coverage when under Mississippi law there may be no coverage, said allegations and/or averments are denied. Any allegations and/or averments not specifically admitted herein are hereby denied. GMIC would state that Exhibit "1" attached to the Plaintiff's Complaint speaks for itself.

5.

Upon information and belief, admitted.

6.

GMIC admits that David Dodson and Ashley Dodson, 2 passengers on the Plaintiff's boat at the time of the subject accident which forms the basis of the Complaint filed herein, filed a lawsuit against the Plaintiff on September 15, 2022. GMIC would state that the lawsuit speaks for itself but GMIC admits the Dodson's are seeking actual and punitive damages for their personal injuries sustained in the boating accident. GMIC admits that a copy of the lawsuit filed by David Dodson and Ashley Dodson was provided to GMIC. Upon information and belief, it is further admitted that the Dodson's have sought damages exceeding the Plaintiff's liability coverage limit of $100,000.00 in their lawsuit. Any allegations and/or averments not specifically admitted herein are hereby denied. GMIC would state that Exhibit "2" attached to the Plaintiff's Complaint speaks for itself.

7.

GMIC admits that Karen Guidry, a passenger on the Plaintiff's boat at the time of the

subject accident which forms the basis of the Complaint filed herein, filed a lawsuit against the Plaintiff on November 2, 2022. GMIC would state that the lawsuit speaks for itself but GMIC admits the Karen Guidry is seeking actual and punitive damages for her personal injuries sustained in the boating accident. GMIC admits that a copy of the lawsuit filed by Karen Guidry was provided to GMIC. Upon information and belief, it is admitted that Karen Guidry has sought damages exceeding the Plaintiff's liability coverage limit of $100,000.00 in her lawsuit. Any allegations and/or averments not specifically admitted herein are hereby denied. GMIC would state that Exhibit "3" attached to the Plaintiff's Complaint speaks for itself.

8.

GMIC admits that Alex Fortunato, an adjuster for GMIC, emailed Plaintiff's personal counsel, Tristan R. Armer, Esq., a letter dated November 7, 2022, but specifically denies that this letter was a Reservation of Rights letter as contemplated by *Moeller v. American Guaranty and Liability Ins. Co.*, 707 So. 2d 1062 (Miss. 1996). GMIC would further state that the letter speaks for itself. GMIC admits that the subject letter advised their insured, the Plaintiff, that based on their investigation into the claims being asserted against the Plaintiff, the damages being requested could exceed his policy limits and, further that punitive damages were not covered by his policy of insurance issued to him by GMIC, but again denies that it was a Reservation of Rights letter as contemplated by *Moeller*. Any allegations and/or averments not specifically admitted herein are hereby denied. GMIC would state that Exhibits "2," "3," and "4" attached to the Plaintiff's Complaint speak for themselves.

9.

GMIC admits that on November 15, 2022, Tristan R. Armer, Esq., attorney for the Plaintiff,

emailed Alex Fortunato notifying GMIC of Plaintiff's selection of Mr. Armer to represent the Plaintiff regarding claims and damages not covered by the GMIC policy. However, GMIC denies that the Plaintiff's right to retain personal counsel at GMIC's expenses as contemplated by *Moeller* was triggered. GMIC specifically denies that GMIC was defending the Plaintiff in the 2 lawsuits filed by the Dodsons and Karen Guidry under a Reservation of Rights as contemplated by *Moeller* and GMIC demands strict proof thereof. Any allegations and/or averments not specifically admitted herein are hereby denied. GMIC would state that Exhibit "5" attached to the Plaintiff's Complaint speaks for itself.

10.

GMIC denies the allegations contained in Paragraph 10 of the Plaintiff's Complaint and demands strict proof thereof. GMIC would state that Exhibit "6" attached to the Plaintiff's Complaint speaks for itself.

11.

GMIC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of Paragraph 11 of the Plaintiff's Complaint and, on that basis, denies them. GMIC admits that counsel for the Plaintiff sent a letter to Alex Fortunado on July 21, 2023, and said letter attached to the Plaintiff's Complaint as Exhibit "7" speaks for itself. GMIC specifically denies that GMIC was defending the Plaintiff in the 2 lawsuits filed by the Dodsons and Karen Guidry under a Reservation of Rights as contemplated by *Moeller* and GMIC demands strict proof thereof. Any allegations and/or averments not specifically admitted herein are hereby denied. GMIC would state that Exhibit "8" attached to the Plaintiff's Complaint speaks for itself.

## BAD FAITH - BREACH OF CONTRACT

12.

GMIC adopts and incorporates here by reference GMIC's foregoing responses to the paragraphs and allegations of the Plaintiff's Complaint adopted and incorporated by reference by Plaintiff in Paragraph 12 of the Plaintiff's Complaint.

13.

GMIC denies the allegations contained in Paragraph 13 of the Plaintiff's Complaint and demands strict proof thereof.

14.

GMIC denies the allegations contained in Paragraph 14 of the Plaintiff's Complaint and demands strict proof thereof.

## PUNITIVE DAMAGES

15.

GMIC denies the allegations requested relief contained in Paragraph 15 of the Plaintiff's Complaint and demands strict proof thereof.

GMIC denies any and all averments and/or allegations contained in the last unnumbered paragraph of the Plaintiff's Complaint beginning with the words "WHEREFORE, PREMISES CONSIDERED" and specifically denies that the Plaintiff are entitled to a judgment of or from it in the amount of the relief requested therein.

## **FOURTH DEFENSE**

**AND NOW**, having fully responded to the allegations contained in the Plaintiff's Complaint, paragraph by paragraph, GMIC would raise the following special and affirmative matters:

## FIRST AFFIRMATIVE DEFENSE

All actions taken by GMIC have been made in good faith and based upon legitimate interpretations of the documents and pleadings submitted and reviewed, and the terms, provisions and exclusions of the agreement embodied within the GMIC insurance policy, all of which are read in conjunction with Mississippi law.

## SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff's Complaint seeks to establish a comprehensive "time line" of the events concerning GMIC's actions in the 2 underlying lawsuits filed by the Dodsons and Karen Guidry, the "time line" is incomplete and inaccurate.

## THIRD AFFIRMATIVE DEFENSE

GMIC affirmatively pleads all applicable contractual requirements, conditions, precedent, provisions, defenses, limitations, exclusions, and duties contained in and required of insureds all of which are contained within the applicable policy of insurance issued by GMIC, a copy of which is attached as Exhibit "A," including any and all endorsements and riders thereto.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

GMIC affirmatively pleads the provisions of MISS. CODE ANN. § 11-7-15 and avers that, if the evidence establishes any comparative negligence of the Plaintiff, if any, which may have contributed resulting injuries and damages to the Plaintiff, then any verdict or judgment to the Plaintiff would be reduced in proportion thereto.

## SIXTH AFFIRMATIVE DEFENSE

The facts not having been fully developed, GMIC affirmatively pleads the following defenses pursuant to Rule 8(c) of the FEDERAL RULES OF CIVIL PROCEDURE and reserves the right to defend upon said defenses: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury to fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, validity of a judgment, and any other matter constituting an avoidance or affirmative defense.

## SEVENTH AFFIRMATIVE DEFENSE

GMIC did not breach any applicable duty owed to the Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

GMIC affirmatively pleads all applicable Mississippi tort reform statutes and laws. GMIC further affirmatively pleads the limitations on damages as set forth in MISS. CODE ANN. § 11-1-60, MISS. CODE ANN. § 11-1-65, and MISS. CODE ANN. § 11-1-69.

## NINTH AFFIRMATIVE DEFENSE

GMIC denies that the Plaintiff has suffered damages to the nature and extent claimed and demands strict proof thereof.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to state facts sufficient to sustain a recovery of expenses of litigation, including attorney's fees. Furthermore, Plaintiff's alleged damages are disputed and unliquidated in nature and as such, pre-judgement interest is unavailable and inappropriate in this matter.

### ELEVENTH AFFIRMATIVE DEFENSE

GMIC, at all relevant times, acted in a lawful manner in their investigation and adjustment of the claims asserted against the Plaintiff in the 2 underlying lawsuits filed by the Dodsons and Karen Guidry, and discharged its duties and responsibilities to the Plaintiff in a lawful manner and for a lawful purpose.

### TWELFTH AFFIRMATIVE DEFENSE

The facts not having been fully developed and in an effort not to waive the defense, in the event that it is revealed that the Plaintiff is guilty of breaching the implied covenant of good faith and fair dealing then Plaintiff would be barred from recovering any amounts whatsoever from GMIC.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint and claims stated therein are barred by the bad faith of the Plaintiff and/or the Plaintiff has acted with unclean hands.

### FOURTEENTH AFFIRMATIVE DEFENSE

GMIC has not unreasonably failed or refused to fulfill any condition or perform any of its obligations owed to the Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

GMIC has not undertaken any act of willful, reckless, or malicious conduct against the Plaintiff and, therefore, punitive damages are not appropriate.

### SIXTEENTH AFFIRMATIVE DEFENSE

GMIC further affirmatively alleges that at all times herein, it has acted in good faith in defending, as well as attempting to negotiate a settlement of, the 2 underlying lawsuits filed by the Dodsons and Karen Guidry.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiff is not entitled to recover any exemplary, punitive, or *Veasley* damages in this case and this GMIC demands judgment in its' favor.

## EIGHTEENTH AFFIRMATIVE DEFENSE

This GMIC affirmatively asserts the rules of law established in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424, 121 S. Ct. 1678, 149 L. Ed. 674 (2001) and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 585 (2003), and avers that punitive damages are not appropriate in this action, or should be limited pursuant to those decisions.

## NINETEENTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim upon which punitive damages may be awarded.

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent that the Plaintiff seeks punitive damages, GMIC invokes the provisions of MISS. CODE ANN. § 11-1-65, *et seq.*, and would affirmatively show that (a) since punitive damages are penal in nature, GMIC is entitled to the same procedural safeguards afforded to those charged with a crime, and an assessment for punitive damages herein would be in violation of the Sixth Amendment of the United States Constitution and in violation of the prohibition against excessive fines and cruel and unusual punishments of the Eighth Amendment of the United States Constitution; (b) any award of punitive damages in this case would be in violation of the due process clause of the First and Fourteenth Amendments of the United States Constitution as well as Article 3, Sections 14, 24 and 25 of the Mississippi Constitution, since the standards for imposing liability

and for assessing the amount of punitive damages are unconstitutionally vague; (c) the application of such an unconstitutionally vague standard is arbitrary, capricious, and not rationally related to any legitimate governmental interest; and (d) Plaintiff's Complaint fails to state a claim against GMIC upon which Plaintiff may be awarded punitive or exemplary damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

No act or omissions by the GMIC or its employees rise to the level of gross negligence or conduct sufficient for the imposition of punitive damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

GMIC affirmatively states that the November 7, 2022 letter to Tristen R. Armer, Esq. was not a Reservation of Rights letter as contemplated by *Moeller v. American Guaranty and Liability Ins. Co.*, 707 So. 2d 1062 (Miss. 1996), therefore, the Plaintiff's right to independent counsel to be paid by GMIC was not triggered.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

GMIC affirmatively states that it is not now, nor has it ever been, defending the Plaintiff under a Reservation of Rights in the 2 underlying lawsuits filed by David and Ashley Dodson (See Exhibit "B") and Karen Guidry (See Exhibit "C").

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

GMIC affirmatively states that any mistake or confusion as to the status of the defense of the Plaintiff in the 2 underlying lawsuits filed by David and Ashley Dodson and Karen Guidry was promptly corrected by way of an email from Alex Fortunato to the Plaintiff, dated March 16, 2023, which stated, in part, "Your defense is not under a reservation of rights, the ROR letter previously sent to you simply explained that there were aspects of the filed complaints against you that are not

covered under the policy, such as punitive damages. If you wish to engage personal counsel you are welcome to and we suggest doing so, however the cost of this is at your own expense." A copy of this email is attached as Exhibit "D."

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

GMIC affirmatively pleads any and all other defenses and affirmative defenses available to GMIC which may become applicable through discovery and during the trial of this cause.

## RESERVATION OF DEFENSES

Due to the fact that the discovery process has not yet begun, GMIC is without knowledge or information sufficient to form a belief at this time as to whether other affirmative defenses may apply in this cause of action. However, contingent of the facts revealed by investigation, GMIC expressly reserves the right to raise any additional affirmative defenses which may be applicable in this matter.

AND NOW, having fully answered the allegations of the Plaintiff's Complaint filed herein against it, and having denied any liability in the premises whatsoever, GMIC requests the Court accept this answer and enter judgment in GMIC's favor and for any other relief the Court deems just and proper.

RESPECTFULLY SUBMITTED, this the 31st day of August, 2023.

                                                GEICO MARINE INSURANCE
                                                COMPANY, Defendant

By:   /s/ *David Lee Gladden, Jr.*
        DAVID LEE GLADDEN, JR., ESQ.

OF COUNSEL:
DAVID LEE GLADDEN, JR. (MSB #100839)
BRIDGET K. HARRIS (MSB #100351)
GLADDEN & INGRAM, PLLC
455 Pebble Creek Drive
Madison, Mississippi 39110
Post Office Box 2970
Madison, Mississippi 39130
Tel: (601) 707-5903
Fax: (601) 707-5915
Email: lgladden@gladdeningram.com
Email: bharris@gladdeningram.com
Web: www.gladdeningram.com

## CERTIFICATE OF SERVICE

I hereby certify that on **August 31, 2023**, I electronically filed the foregoing pleading or other document with the Clerk of the Court using the ECF system which sent notification of such filing to all parties that have entered an appearance herein. No parties have entered an appearance that are not registered with the ECF system.

SO CERTIFIED, this the 31st day of August, 2023.

BY: /s/ *David Lee Gladden, Jr.*
    DAVID LEE GLADDEN, JR., ESQ.